IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESARIO MARINI-SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-950-B-BN |
| | § | |
| SECRETARY, U.S. DEPARTMENT | § | |
| OF HOMELAND SECURITY, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Cesario Marini-Sanchez, with the assistance of counsel, filed this habeas action under 28 U.S.C. § 2241 on March 11, 2026, challenging his mandatory detention. *See* Dkt. No. 1 (the "Petition").

Senior United States District Judge Jane J. Boyle referred the Petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 3.

Respondents filed a response to the Petition on April 23, 2026. *See* Dkt. No. 8.

On May 11, 2026, Marini-Sanchez filed a Motion for Voluntary Dismissal Without Prejudice under Federal Rule of Civil Procedure 41(a)(2). *See* Dkt. No. 12.

### Discussion

Because Respondents have answered the Petition, voluntary dismissal is only allowed under either Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2).

Voluntary dismissal by stipulation or by court order is presumptively without prejudice, unless the stipulation or order states otherwise. *See id.*

And the Fifth Circuit

has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." And the mere fact that the plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." The "purpose of the grant of discretion under Rule 41(a)(2) ... is primarily to prevent voluntary dismissals which unfairly affect the other side[.]" Absent such a showing or other "evidence of abuse by the movant," the motion should be granted.

*United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 196-97 (5th Cir. 2018) (citations omitted).

After being directed to do so by the Court, Respondents filed a response to the motion, *see* Dkt. No. 16, and Marini-Sanchez replied, *see* Dkt. No. 17.

First, Respondents argue that they would suffer prejudice if the case were dismissed because Marini-Sanchez "seeks to avoid an imminent adverse ruling." Dkt. No. 16 at 2. But there have been no rulings adverse to Marini-Sanchez in this case so far, and the Court has given no indication that it does, or does not, intend to enter an adverse ruling on the Petition. *See Moore v. Crescent Med. Ctr.*, No. 3:16-cv-3362-M-BN, 2017 WL 3822753, at *4 (N.D. Tex. Aug. 7, 2026) (dismissing without prejudice under Rule 41(a)(2) even where plaintiff's "litigation tactics … frustrated [defendant] and wasted judicial resources" because there had been "no definitive ruling on an issue favorable to" plaintiff), *rec. adopted*, 2017 WL 3726921 (N.D. Tex. Aug. 30, 2017).

Second, Respondents argue that this case is no longer in its early stages

because "all briefing has been submitted to the Court with respect to the [P]etition, and the case is submitted to the Court for ruling." Dkt. No. 16 at 3. This contention does not accurately reflect the posture of this case.

The Court ordered Respondents to respond to the Petition by April 24, 2026, and it ordered Marini-Sanchez to file a reply by May 11, 2026. *See* Dkt. No. 5. Respondents submitted their response to the Petition on April 23, 2026. *See* Dkt. No 8. But Marini-Sanchez has not submitted his reply. Instead, he filed his Notice of Voluntary Dismissal on May 7, 2026, four days before his reply deadline. And he filed this Motion for Voluntary Dismissal on May 11, 2026. *See* Dkt. No. 12.

After Respondents indicated that they were opposed to dismissal, *see* Dkt. No. 14, the Court ordered expedited briefing on the Motion for Voluntary Dismissal, which closed on June 1, 2026, *see* Dkt. No. 15.

And, so, the undersigned disagrees that the case – which was filed less than three months ago – is too far along to dismiss under Rule 41.

Third, Respondents contend that they will suffer prejudice because they have already "submitted a 32-page Appendix with eight separately tabbed documents." Dkt. No. 16 at 4. But they have not shown in their response that compiling this 32-page appendix incurred significant costs. *See Moore*, 2017 WL 3822753, at *4 (dismissing under Rule 41(a)(2) where case "ha[d] not progressed far [enough] in discovery to find that [plaintiff] had incurred excessive litigation costs").

And, fourth, Respondents argue that Marini-Sanchez's explanation for dismissing his Petition – that he seeks to "pursue other legal avenues" – is ambiguous

and prejudicial. Dkt. No. 16 at 5. But Marini-Sanchez's desire to pursue a different legal avenue does not amount to "plain legal prejudice to [Respondents] that requires that the Court either deny the motion or impose conditions that will cure the prejudice." *Saleh v. Time Warner Cable*, No. 3:16-cv-2782-G-BN, 2017 WL 979061, at *6 (N.D. Tex. Feb. 17, 2017) (recommending granting dismissal under Rule 41(a)(2) even where plaintiff expressed desire to refile under a different judge), *rec. adopted*, 2017 WL 958614 (N.D. Tex. Mar. 13, 2017); *accord Bechuck v. Home Depot, U.S.A., Inc.*, 814 F.3d 287, 298-99 (5th Cir. 2016) ("In sum, the potential for forum-shopping does not count as legal prejudice.").

This is not a case where dismissal would cause Respondents plain legal prejudice. The Court should grant Marini-Sanchez's Motion for Voluntary Dismissal.

## Recommendation

The Court should grant Petitioner Cesario Marini-Sanchez's Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) [Dkt. No. 12] and dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

- 5 -

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 2, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE